**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 18 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BIGLER JOBE STOUFFER, II,

      Plaintiff - Appellant,

v.

MIKE MULLIN; OKLAHOMA
INDIGENT DEFENSE SYSTEM,
CRAIG SUTTER, OIDS; MARK
HENDRICKSEN, Attorney,

      Defendants - Appellees.

No. 04-6119
(D.C. No. 04-CV-14-C)
(W. D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **McKAY** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Bigler Jobe Stouffer, II, appearing pro se, appeals the district court's dismissal of his civil rights action. Exercising jurisdiction under 28 U.S.C. § 1291, and liberally construing Mr. Stouffer's filings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), we affirm for substantially the same reasons given by the district court.

Mr. Stouffer, a state death row inmate whose direct criminal appeal is pending before the Oklahoma Court of Criminal Appeals, commenced this action by filing his "Petition for Writ of Habeas Corpus, Mandamus, Prohibition; Evidentiary Hearing, Toll Proceedings; Adequate Funding for Appointment of Counsel in Capital Case." R. Doc. 1 (capitalization omitted). He sought "relief for adequate funding and replacement of legal counsel; to possess all legal data during appellate proceedings; and for client access to Court services in Oklahoma [C]ounty District Court in CF-85-509." *Id.* at 1. Upon referral, the magistrate judge recommended dismissal without prejudice based on the *Younger* abstention doctrine, which precludes federal courts from interfering in state criminal proceedings absent bad faith, harassment, or extraordinary circumstances not present in this case, because Mr. Stouffer can seek relief in his state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-45, 54 (1971). Also, the magistrate judge recommended dismissal because the district court lacked

-2-

jurisdiction to grant mandamus relief, *see* 28 U.S.C. § 1361, or authority to issue a writ of prohibition under the circumstances presented here.

In his objection to the magistrate judge's report and recommendation, Mr. Stouffer stated he was seeking relief for violations of access to the courts, specifically for defendants' failure to provide him with access to legal materials, legal calls and a private investigator and for erroneous findings by the state courts. As recommended by the magistrate judge, the district court found that it was proper for the court to abstain pursuant to *Younger*, as Mr. Stouffer could seek relief in state court, where he allegedly needs the legal materials and access to legal services. To the extent he complained about the way in which the Oklahoma courts have handled his pleadings, the federal district court decided that Mr. Stouffer failed to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6), and the court was prohibited from hearing that claim under the *Rooker-Feldman* [1] doctrine, which "bars 'a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998) (quoting *Johnson v. De Grandy*,

---

[1] *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414-16 (1923).

512 U.S. 997, 1005-06 (1994)). Finally, the district court determined that none of Mr. Stouffer's pleadings state a claim for relief under other statutes or constitutional amendments. Accordingly, the court entered judgment dismissing the action. Mr. Stouffer appealed, and the district court denied his request for a certificate of appealability (COA).

On appeal, Mr. Stouffer clarifies that he "sought relief from appellee's denials of his constitutional right to 'access to court' services . . . not . . . from state conviction or sentence." Aplt. Br. at 2 (capitalization omitted). Based on this clarification, we conclude that Mr. Stouffer sought only civil rights relief and not habeas relief, regardless of how he titled his initial district court pleading. Thus, a COA is not needed for this appeal.

"We review *de novo* the district court's decision to abstain pursuant to *Younger*." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). Likewise, we review de novo the district court's dismissal of the complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, *Kiowa Indian Tribe of Okla.*, 150 F.3d at 1165, and for failure to state a claim upon which relief may be granted, *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). Upon consideration of the district court record, Mr. Stouffer's brief on appeal and the relevant law, we conclude, for

substantially the same reasons set forth by the district court, that the district court properly dismissed this case.

Mr. Stouffer argues the district court failed to consider his argument that he sought legal materials and access to an investigator for civil litigation, which is separate from his state criminal proceedings. To the extent he adequately raised this issue in district court, we conclude he failed to state a claim upon which relief may be granted.

Accordingly, the judgment of the district court is AFFIRMED. Mr. Stouffer's (1) Motion for Extraordinary Judicial Relief from Life Threatening Forced Double Celling, to Toll Proceedings, and Temporary Restraining Order; (2) Application for Certificate of Appealability; (3) Motion for Default, Summary, Declaratory Judgments; (4) motion for final judgment and determination; and (5) Request for Judicial Relief are DENIED as moot. Mr. Stouffer's request for leave to proceed on appeal in forma pauperis is GRANTED. We remind him of his responsibility to continue making payments until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-5-